IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02448-REB-MEH

LARRY KELLY,

    Plaintiff,
v.

CHARLES OLIN,
BURL MCCULLAR, and
DANA BUSTOS,

    Defendants.
_____

**RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS**
_____

Defendants have filed a Motion to Dismiss (Docket #18), and it has been referred to this Court (Docket #19). The matter is fully briefed, and oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, it is **recommended** that the Motion to Dismiss be **granted**.

**I.   Relevant Facts**[1]

Plaintiff, an inmate with the Colorado Department of Corrections (CDOC), was originally convicted of drug offenses in Fremont County, criminal case 00CR57 ("the '57 case"). He was also charged with Menacing, Sexual Assault, and Assault in a separate case, criminal case 00CR67 ("the '67 case"). After he began his sentence for the '57 case, he pleaded guilty to Menacing in the '67 case pursuant to a plea agreement. Part of the underlying facts of the latter alleged offense, as contained in the Presentence Report, included an allegation that Plaintiff forced a woman to perform

---

[1] Plaintiff does not dispute any of the facts alleged by Defendants, and they are deemed admitted.

oral sex on him, under a threat of violence. In exchange for his guilty plea, the district attorney dropped a sexual assault charge and agreed to delete from his Presentence Report any reference to the alleged sexual assault, with the express intent of keeping the Colorado Department of Corrections (DOC) from classifying Plaintiff as a sex offender in prison. Unfortunately for Plaintiff, the DOC received an unredacted copy of the Presentence Report.

Despite the district attorney's promise, the DOC proposed to classify Plaintiff as a sex offender and provided him with notice. The DOC held an administrative review hearing on August 24, 2001, at which Plaintiff had a right to be heard, including to testify in his own behalf, call witnesses, and present evidence. As a result of the hearing, the DOC classified Plaintiff as an S-4 sex offender.[2] Thereafter, the district attorney wrote a letter to the DOC seeking reconsideration of the classification, based on the plea agreement. The DOC declined. Then, the district attorney moved to dismiss the '67 case, which the trial court granted. This dismissal did not affect Plaintiff's prison sentence, because the '58 and '67 sentences were concurrent. After the '67 case was dismissed, Plaintiff requested that the DOC remove his sex offender classification. This request was denied on October 1, 2003. Plaintiff later requested a new hearing in 2006, which was again denied.

In December 2003, Plaintiff filed a lawsuit in Fremont County, Colorado District Court, challenging his S-4 classification under state law and alleging due process violations for DOC's refusal to provide a rehearing and improperly giving no effect to the dismissal of the '67 case. The district court found no due process violation, determining that all constitutional requirements

---

[2]Under the CDOC's sexual violence coding system, "S4" refers to "[o]ffenders who have a history of sexual assaults or deviance for which they may not have been convicted. These cases often involve plea bargains where the factual basis of the crime involved a sex offense." AR 700-19, IV(A).

attendant to the classification hearing had been met. The Colorado Court of Appeals affirmed in an unpublished decision dated April 27, 2006. It held that: (1) judicial review of the DOC's 2001 determination classifying Plaintiff as a sex offender was barred on timeliness grounds, because Plaintiff failed to seek judicial review that was available under state law; and (2) the DOC's 2001 decision was based on facts contained in the Presentence Report, and the fact of the dismissal of the '67 action was not an additional, material fact that would support a rehearing. This lawsuit, filed on November 27, 2006, ensued.

In the Amended Prisoner Complaint, Plaintiff names as Defendants Charles Olin (director of mental health at the prison), Burl McCullar (director of the sex offender treatment program), and Dana Bustos (a prison official involved in the classification review), individually and in their official capacities. He brings the action under 42 U.S.C. § 1983. He seeks declaratory and injunctive relief invalidating his S-4 classification. He also alleges that the classification procedure at DOC is unconstitutionally violative of his due process rights. In Claim One, he alleges that his liberty interest is being infringed because Defendants classified him as S-4 despite the district attorney's stipulation. In Claim Two, he alleges that the DOC classification process is unconstitutional because "it offers no meaningful opportunity to rebut the information relied upon in the final classification process." Amended Complaint at 5. In his prayer, he included a request for monetary damages.

Defendants have moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). They assert the following grounds: (1) res judicata and collateral estoppel; (2) statute of limitations; (3) failure to state a due process claim; (4) failure to state a claim for damages against Defendants in their official capacities; (5) qualified immunity; (6) a bar to suit under *Heck v. Humphrey*; and (7) failure to allege physical injury under the Prison Litigation Reform Act.

**II.     Discussion**

    **A.     Standard of Review**

        1.     <u>Dismissal under 12(b)(1)</u>

Rule 12(b)(1) empowers a court to dismiss a complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1). Dismissal under Rule 12(b)(1) is not a judgment on the merits of a plaintiff's case, but only a determination that the court lacks authority to adjudicate the matter. *See Castaneda v. INS*, 23 F.3d 1576, 1580 (10th Cir. 1994) (recognizing federal courts are courts of limited jurisdiction and may only exercise jurisdiction when specifically authorized to do so). A court lacking jurisdiction "must dismiss the cause at any stage of the proceeding in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusory allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso*, 495 F.2d at 909. Accordingly, Plaintiff in this case bears the burden of establishing that this Court has jurisdiction to hear his claims.

        2.     <u>Dismissal under 12(b)(6)</u>

A dismissal for failure to state a claim under Rule 12(b)(6) is appropriate only when it is apparent that a plaintiff can prove no set of facts that would entitle him to relief. *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). In evaluating a Rule 12(b)(6) motion to dismiss, "all well-pleaded factual allegations in the . . . complaint are accepted as true and viewed in the light most favorable to the nonmoving party." *Sutton v. Utah State Sch. for Deaf and Blind*, 173 F.3d 1226, 1236 (10th Cir. 1999). The issue in reviewing the sufficiency of a plaintiff's Complaint

is not whether plaintiff will prevail, but whether plaintiff is entitled to offer evidence to support his claims. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Harlow v. Fitzgerald*, 457 U.S. 800 (1982)). Although a plaintiff does not need to state each element of his claim precisely, he must plead minimal factual allegations on those material elements that must be proved. *See* Fed.R.Civ.P. 8(a); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

### 3. Dismissal of *Pro Se* Plaintiff's Complaint

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110. A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (*quoting Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

### B. *Res Judicata*

*Res judicata*, or claim preclusion, applies to limit a party from bringing before the Court a matter that has already been addressed. *Red judicata* applies if (1) there was a final judgment on the merits in the earlier action; (2) the parties are identical or in privity in both cases; (3) the cause of action is the same; and (4) the plaintiff had a full and fair opportunity to litigate the claim in the prior suit. *Nwosun v. General Mills Restaurants*, 124 F.3d 1255, 1257 (10th Cir. 1997).

Defendants' basic point is that Plaintiff has already litigated the constitutionality of his S-4

classification, and although in this lawsuit he comes at the alleged Due Process violation from a different angle, *res judicata* bars relitigation of issues that were *or could have* been raised in that [prior] action." *Park Lake Resources Ltd. Liab. Co. v. United States Dep't of Agric.*, 378 F.3d 1132, 1135-36 (10th Cir. 2004) (emphasis added). The Court does not hesitate to grant the Defendants' motion under this legal doctrine. The Colorado courts have already issued a final judgment on Plaintiff's claims that his original S-4 classification was improper, and that the DOC should have given him a rehearing. In those proceedings, Plaintiff contended that he must be provided due process before being labeled a sex offender. He argued that the dismissal of the '67 action voided his S-4 classification. The state courts have determined that the classification proceeding supplied adequate due process, including the opportunity for Plaintiff to rebut the allegations made by the DOC. Although he has repackaged these claims in this lawsuit, he seeks the same relief: Invalidation of the S-4 classification.

The only claim that Plaintiff makes in this case that does not appear to have been explicitly considered and rejected by the Colorado state courts is a constitutional challenge to the DOC classification procedure based on an alleged failure to provide him a meaningful opportunity to rebut the allegations against him. First and foremost, the Colorado courts have definitively determined that Plaintiff was given all the process he was due from a constitutional standpoint and, therefore, this claim would be of no avail. A different judge in this District has determined that a facial challenge to Administrative Regulation 750-02 such as raised here cannot succeed when the plaintiff has received all the process he is due. *Mariana v. Strommel*, No. 05-cv-01406-WDM, slip op., 2007 WL 437773 *2 (D. Colo. Feb. 6, 2007).

In any event, this claim could have been brought in Plaintiff's state court action. *Gonzales*

6

*v. Hernandez*, 175 F.3d 1202, 1206 (10th Cir. 1999) ("'It is settled that state and federal courts share concurrent jurisdiction over § 1983 claims for the denial of federal constitutional rights.'") (quoting *Carter v. City of Las Cruces, N.M.*, 121 N.M. 580, 915 P.2d 336, 338 (N.M. Ct. App. 1996)). For these reasons, the claim is barred.

### C.   Statute of Limitations

Plaintiff's Sections 1983 claims have a two-year statute of limitations. *See Williams v. Shields*, 77 Fed. Appx. 501, 503 (10th Cir. 2003) (applying the forum state's personal injury statute of limitations); C.R.S. § 13-80-102 (providing a two-year statute of limitations for personal injury actions). A federal cause of action, such as that alleged in Plaintiff's complaint, accrues "when the plaintiff has 'a complete and present cause of action.'" *Wallace v. Kato*, ___ U.S. ___, 127 S. Ct. 1091, 1095 (2006) (citations omitted). This occurs when "the plaintiff knows or has reason to know of the injury which is the basis of the action." *Baker v. Bd. of Regents*, 991 F.2d 628, 632 (10th Cir. 1993). In other words, the statute of limitations begins to run once "the plaintiff can file suit and obtain relief." *Bay Area Laundry & Dry Cleaning Pension Trust Fund v. Ferbar Corp.*, 522 U.S. 192, 201 (1997).

In his Motion for Leave to Amend Complaint, Plaintiff concedes that his claims are barred by the application two-year statute of limitations for Section 1983 actions, and they clearly are. All of the claims he makes in this lawsuit ripened no later than October 1, 2003. This lawsuit was filed in November 2006. All his claims are barred.

### D.   Remaining Arguments

Defendants also persuasively argue that Plaintiff has conceded their arguments concerning the Prison Litigation Reform Act's physical injury requirement, the application of Eleventh Amendment

immunity, and *Heck v. Humphrey*'s [512 U.S. 477 (1994)] bar on Plaintiff's damages claims; that Plaintiff fails to state a claim concerning a due process violation; and that the Defendants are entitled to qualified immunity. However, the Court need not address all these valid arguments, because the Complaint is so clearly barred by *res judicata* and the statute of limitations.

## III.   Conclusion

Based on the foregoing, and the entire record herein, it is hereby **recommended** that Defendants' Motion to Dismiss [Filed April 9, 2007; Docket #18] be **granted** for failure to state a claim upon which relief can be granted and that the claims against these Defendants be **dismissed with prejudice**. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[3]

Dated at Denver, Colorado, this 5th day of July, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[3] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).