IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-cv-02448-REB-MEH

LARRY KELLY,

    Plaintiff,
v.

CHARLES OLIN,
BURL MCCULLAR, and
DANA BUSTOS,

    Defendants.

## RECOMMENDATION ON PLAINTIFF'S MOTION TO AMEND COMPLAINT

Before the Court is Plaintiff's Motion for Leave to Amend Complaint [Docket #31]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, this matter has been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **deny** Plaintiff's Motion.

**I.    Background**

Plaintiff filed this action against the three named Defendants because of his classification in the Colorado Department of Corrections as a sex offender. Defendants filed a Motion to Dismiss based on *res judicata*, and also raised a statute of limitations defense. Plaintiff initially objected to this relief, and the Court has issued a Recommendation on the Motion to Dismiss. Subsequent to filing that response, Plaintiff filed the instant Motion for Leave to Amend Complaint, essentially seeking to replace his current case with an entirely different cause of action. Plaintiff's proposed Amended Complaint asserts one claim of violation of his First, Fifth, and Fourteenth Amendment rights against four previously unnamed Defendants. As grounds for this change, Plaintiff states that

the reading committee for the Fremont Correctional Facility confiscated two issues of *Men's Health* from him as objectionable material. Plaintiff contends that this action precipitated the instant lawsuit and that it is this conduct from which he ultimately seeks relief, even though none of these issues were raised in his original Complaint. Dock. #3.

**II.     Discussion**

Leave to amend is to be freely granted when "justice so requires." Fed. R. Civ. P. 15(a). Nevertheless, denying leave to amend is proper if the motion to amend is unduly delayed, futile, or sought in bad faith. *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993). In addition, "[c]ourts will properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the complaint 'a moving target.'" *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006).

In this case, the Court believes that the proposed amendment would frustrate the purpose of 28 U.S.C. § 1915(g). Plaintiff is a prisoner and is proceeding *in forma pauperis*. The Court has recommended that Plaintiff's Complaint be dismissed for failure to state a claim upon which relief can be granted, which constitutes one strike under Section 1915. *See Martinez v. Zadroga*, No. 06-1410, 2007 U.S. App. LEXIS 1769 (10th Cir. Jan. 24, 2007) (noting that dismissal in the district court for failure to state a claim constitutes one strike for purposes of Section 1915(g)). Apparently seeing the handwriting on the wall, Plaintiff now wishes to withdraw the claims against the original Defendants (which are, by the Plaintiff's own admission, time barred) and assert entirely new claims against entirely new Defendants. Plaintiff's new claims bear no relation whatsoever to the factual allegations of his original Complaint, despite his assertions to the contrary, and thus make the Complaint a moving target. Such an amendment would permit Plaintiff to test the validity of his claims and then

move on to entirely different claims, without ever filing and, therefore, submitting payment for an additional lawsuit. Moreover, allowing such an amendment would work an injustice by allowing Plaintiff to circumvent the requirements and consequences of 28 U.S.C. § 1915(g). *See Cannon v. Washington*, 418 F.3d 714, 720 (7th Cir. 2005) (noting that the "district court could have denied Cannon leave to add the claims arising out of the Menard incident . . . as a bad faith attempt to avoid paying a new filing fee by adding unrelated claims to his original lawsuit instead of initiating a new action").

Importantly, this Recommendation would not bar Plaintiff from asserting his rights if they have been violated. If Plaintiff believes that his rights were violated by the DOC concerning confiscation of magazines in May and June of 2006, *i.e.*, less than two years ago, he can file a separate action seeking relief.

### III. Conclusion

Accordingly, for the reasons stated above, the Court RECOMMENDS that Plaintiff's Motion for Leave to Amend Complaint [Filed June 7, 2007; Docket #31] be **denied**. Because Plaintiff's new allegations bear no relation to the original Complaint, he should be required to file a new action against the new Defendants. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[1]

---

[1] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive, or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being

Dated at Denver, Colorado this 6th day of July, 2007.

                    BY THE COURT:

                    s/ Michael E. Hegarty
                    Michael E. Hegarty
                    United States Magistrate Judge

---

served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).